IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL WILLIAMS-BEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN S. HOLLINGHEAD, *et al.*, )<br>)<br>Defendants. ) | CIV. ACTION 17-0057-KD-MU |

## REPORT AND RECOMMENDATION

Plaintiff Darrell Williams-Bey, proceeding *pro se*, filed a complaint against sixteen defendants alleging a violation of his constitutional rights, as well as possibly some non-constitutional claims. (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendants' motions to dismiss (Docs. 7, 13), Plaintiff's responses thereto (Docs. 10, 16), and Defendants' Replies to Plaintiff's responses (Docs. 12,17). For the reasons stated below, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice and with leave to file an Amended Complaint.

## BACKGROUND

On January 31, 2017, Plaintiff filed his complaint against sixteen defendants, including four City of Daphne police officers, employees of the Daphne Municipal Court, the City of Daphne's Municipal Court judge, the City of Daphne's prosecutor, the City of Daphne's mayor, and seven current or former

members of the City of Daphne's City Council. (Doc. 1 at pp. 3-4).[1] Although his claims lack in clarity, they appear to arise from his October 7, 2013 arrest for driving under the influence and with a suspended license and his subsequent prosecution and sentencing. (Doc. 1 at pp. 6-7). Defendants filed motions to dismiss, which have been thoroughly briefed and responded to by Plaintiff. (Docs. 7, 10, 12, 13, 16, 17).

## DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement ensures that the complaint gives fair notice of the plaintiff's claims and the grounds therefor to the defendants and the court. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A defendant needs preciseness and clarity in a plaintiff's allegations to "discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). Likewise, the court should not be taxed with "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by governmental immunities, statutes of limitations and similar defenses." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). "[S]ufficient

---

[1] Plaintiff filed an action in this Court against these same Defendants asserting the same allegations arising from the same set of facts on April 1, 2015. *Darrell Williams-Bey v. Hollinghead*, Civ. A. No. 15-176-CG-N (S.D. Ala. April 1, 2015). The Amended Complaint in that case is substantially identical to the Complaint currently before the Court. In that case, the Court found that the Amended Complaint failed to state a claim and gave Plaintiff leave to amend. *Id.* at Doc. 14. Plaintiff did not file an amended complaint within the time allowed; therefore, his action was dismissed without prejudice on December 1, 2015. *Id.* at Doc. 17.

detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id*. at 556.

A plaintiff's statement of his claims must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even though "detailed factual allegations" are not needed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint consisting of naked assertions, without further factual enhancement, or one that offers mere "labels and conclusions" will not suffice. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plaintiff's Complaint in this case is what has oft been referred to as a "shotgun pleading." In *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015), the Eleventh Circuit described the "four rough types" of shotgun pleadings: (1) a complaint containing multiple paragraphs and counts where each count adopts the allegations and content of all preceding paragraphs and counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a

complaint that does not separate into a different count each cause of action or claim for relief, and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants a specific claim is brought against. *Id.* at 1321-23 (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has "condemned shotgun pleadings for decades." *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n. 54 (11th Cir. 2008) ("since 1985 we have explicitly condemned shotgun pleadings upward of fifty times")).

Plaintiff's Complaint fits all four of these impermissible "shotgun pleadings" categories. The Complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." For example, Count VIII (the last count) states, "Plaintiff incorporates by general reference sections 1 through 3 and count 1 through 7." (Doc. 1 at p. 11). The Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." For example, the Complaint contains several pages of the history of the Moorish people and quotes from the "Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States," all of which is immaterial to his claims. (Doc. 1 at pp. 1-2). Plaintiff's

Complaint "does not separate into a different count each cause of action or claim for relief." For example, Count I purports to make claims for violations of Plaintiff's First Amendment rights, his due process rights, and his right to equal protection, as well as for breach of fiduciary duties and official oaths. (Doc. 1 at pp. 7-8). Finally, Plaintiff's Complaint also "assert[s] multiple claims against multiple defendants without specifying which defendant(s) are responsible for which acts or omissions." For example, Counts VI and VII purport to make claims (which are too vague to determine the exact nature of the claims asserted) against fifteen of the defendants without specifying the acts or omissions of any particular defendant. (Doc. 1 at pp. 10-11). In addition, the majority of Plaintiff's requests for relief are inappropriate. Plaintiff has no standing to requests that this Court bring criminal charges against defendants or that this Court remove them from office. *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"); *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977) ("[F]ederal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions"). In addition, Plaintiff cannot seek compensation from entities that have not been named as defendants.

    This Court recognizes that Plaintiff is proceeding *pro se* in this action (despite his apparent denial of this status) and acknowledges that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93

(11th Cir. 2009). However, "this liberal construction 'does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Id*. (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Plaintiff's Complaint clearly does not meet the pleading requirements of Rule 8 nor does it give the defendants fair notice of the claims asserted against them and the grounds therefor. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice and with leave to file an Amended Complaint.

In pleading the amended complaint, Plaintiff is cautioned that he must (1) comply with the pleading requirements of Rules 8(a) and 9 of the Federal Rules of Civil Procedure (particularly Rule 9(b) if alleging fraud); (2) include a factual background section setting forth, in separately numbered paragraphs and in **plain and simple language**, specific factual allegations in support of the claims made in the complaint; (3) set forth in a separately numbered count each claim made, identify the specific defendants that each claim is made against, and set forth the specific acts and/or omissions of each defendant that supports each claim; and (4) exclude all generalized and immaterial facts, statements, and allegations that are not specifically related to his claims. *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 988 (11th Cir. 2015). **Because Plaintiff has had ample time and several opportunities to file an action properly against these defendants for claims arising from his October 7, 2013 arrest and subsequent prosecution, conviction, and sentencing, failure to file his amended complaint within the time allowed and cure the deficiencies**

*identified in this Report and Recommendation will result in this Court's further recommendation that his case be dismissed with prejudice.*

## CONCLUSION

Based upon the foregoing, the undersigned recommends that Plaintiff's action be dismissed without prejudice and with leave to amend his complaint as set forth above within 14 days from the date of the district court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 13th day of April, 2017.

s/P. BRADLEY MURRAY<br>UNITED STATES MAGISTRATE JUDGE