**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DARRELL WILLIAMS-BEY,** | ) | |
| **Plaintiff.** | ) | |
| | ) | **CIVIL ACTION 17-00057-KD-MU** |
| **v.** | ) | |
| | ) | |
| **BRIAN S. HOLLINGHEAD,** *et al.,* | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendants' motions to dismiss (Docs. 7, 13-14), Plaintiff's Responses (Docs. 10, 16) and Defendants' Replies (Docs. 12, 17). [1]

**I.      Background**

On January 31, 2017, *pro se* Plaintiff Darrell Williams-Bey (Plaintiff) initiated this litigation against 16 Defendants employed with the City of Daphne, Alabama (including police officers, Municipal Court employees, the Municipal Court judge, the city prosecutor, the mayor, and current/former members of the City Council) alleging violations of his constitutional rights, among other claims.   (Doc. 1).   While Plaintiff's complaint is not a model of clarity, his claims stem from his October 7, 2013 arrest (for driving under the influence and with a suspended license) and his subsequent prosecution and sentencing.

Specifically, Plaintiff alleges Defendants violated his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Amendments, arising from his "unauthorized, stop, arrest, prosecution, sentencing, and resentencing" between October 7, 2013 until April 28, 2015.   (Doc. 1 at 4).   Plaintiff asserts that his arrest and conviction was unconstitutional based on his Moorish descent and that Defendants deliberately referenced him

---

[1] The undersigned declines to adopt the Report and Recommendation (Doc. 18).

incorrectly as "Darrell Williams" throughout his Court proceedings. (Doc. 1).

## II. <u>Discussion</u>

Pending before the Court are two (2) separate motions to dismiss from two (2) separate groups of Defendants. While the Defendants differ on many of the legal grounds for dismissal, they share the contention that Plaintiff's claims are time barred under the applicable statute of limitations. The Court agrees. Additionally, while Plaintiff filed a response in opposition to the Defendants' motions, he did not respond to the statute of limitations argument.

Specifically, Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6), for failure to state a claim against them, rooted in part on the applicable statute of limitations. Dismissal based on a statute of limitations defense "may be raised in a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." <u>Foster v. Savannah Comm.</u>, 140 Fed. Appx. 905, 907 (11th Cir. 2005). When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation; rather, a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." <u>Powell v. Thomas</u>, 643 F.3d 1300, 1303 (11th Cir. 2011). <u>See generally</u> <u>Owens v.</u>

Okure, 488 U.S. 235 (1989) (because Section 1983 does not contain a statute of limitations, the statute of limitations is borrowed from a state's general or residual statute of limitations for personal injury actions).   In Alabama that limitations period is two (2) years.   Powell, 643 F.3d at 1303.   Specifically, per Ala. Code § 6–2–38(l) "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."   Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run – *i.e.*, when the cause of action accrues.   Wallace v. Kato, 549 U.S. 384, 387-388 (2007).   Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action...when the plaintiff can file suit and obtain relief [.]" Id. at 388 (brackets in original) (internal citations and quotation marks omitted). "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." Id. See also Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured). In the Eleventh Circuit, for Section 1983 actions, "'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (brackets omitted)).   For example, "the statute of limitations upon a § 1983 claim…for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397.

Plaintiff alleges that Defendants violated his constitutional rights as a result of his October 7, 2013 arrest and subsequent prosecution in which he was referred to by a shortened version of his name. During Plaintiff's 2013 criminal proceedings in Daphne Municipal Court, he removed his case to this Court. However, on May 30, 2014, Plaintiff's case was remanded to municipal court due to his failure to carry his removal burden. (CV 13-00646-WS-B – Doc. 7-1 at 1-12). Following remand, Plaintiff appealed to the Baldwin County Circuit Court, and on August 12, 2014, his appeals were remanded to municipal court due to his failure to appear. (CC-2014-000591.00 and CC-2014-000581.00 – Doc. 7-2 at 1-2). On September 15, 2014, Plaintiff's motion for reconsideration was denied by the Baldwin County Circuit Court. (Doc. 7-2 at 3). On June 1, 2015, Plaintiff filed an action in this Court against the Daphne Municipal Court Defendants – stemming from the same October 7, 2013 arrest. (CV 15-00176-CG-N – Doc. 7-3 at 1-14). On July 31, 2015, following a *pro se* screening of Plaintiff's first amended complaint, this Court ruled that his complaint failed to state a claim upon which relief could be granted but provided him until August 28, 2015 to file an amended complaint. (Id. at 15-19). Plaintiff failed to do so and thus, on December 1, 2015 Plaintiff's case was dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and obey the Court's order. (Id. at 20-23).

Plaintiff initiated this lawsuit alleging Section 1983 claims -- on January 31, 2017. (Doc. 1). As detailed *supra*, the statute of limitations governing his Section 1983 case is two (2) years. As a result, any alleged acts occurring before January 31, 2015 are time barred.

A review of Plaintiff's Complaint reveals that all of his claims arise from his October 7, 2013 arrest – more than three (3) years and three (3) months ago. At the earliest, the statute of

limitations began running on October 7, 2013 (when he was arrested), or at the latest on September 15, 2014 (when his criminal proceedings concluded). (Doc. 7-2 at 1-3). Regardless, the Court can discern no acts -- alleged by Plaintiff as to any of the Defendants in his current complaint -- which occur after January 31, 2015. Moreover, while Plaintiff filed Responses to defendants' motions, he failed to address the statute of limitations argument or point to any specific act that any defendant allegedly committed after January 31, 2015.[2] Although he references a re-sentencing, Plaintiff has failed to provide sufficient detail as to when this occurred, as well as what unconstitutional acts were committed by any named defendant. As such, Plaintiff fails to assert any cause of action that is not time barred.

## III.  Conclusion

Upon consideration, it is **ORDERED** that Defendants' motions (Doc. 7, 13) are **GRANTED in part** and **MOOT in part** as follows: **GRANTED** as to the statute of limitations and **MOOT** as to the remainder. As such, Plaintiff's case is **DISMISSED with prejudice.**

**DONE** and **ORDERED** this the **12th** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

2 Additionally even assuming *arguendo* that Plaintiff might have claimed that his 2015 case (CV 15-00176-CG-N) which was dismissed without prejudice, satisfied the two (2) year statute of limitations, the general rule in the Eleventh Circuit is that a plaintiff is not automatically entitled to equitable tolling when his lawsuit has been previously dismissed without prejudice. Justice v. U.S., 6 F.3d 1474, 1478-1479 (11th Cir. 1993). Additionally, the Supreme Court has noted that the equitable tolling doctrine is only to be used sparingly. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Moreover, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with due diligence." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir.2006) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden to demonstrate that such tolling is warranted lies with the plaintiff. Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.2004) (citing Justice, 6 F.3d at 1479). Plaintiff has asserted no allegations suggesting equitable tolling is either applicable or warranted.